JUSTICE TRIEWEILER
specially concurring.
I concur with the conclusions in the majority opinion under Issues I and III.
*487 I specially concur with the result of the maj ority’s conclusion under Issue II. However, I disagree in part with the reasons for that conclusion.
The majority cites its opinion in In re Marriage of Isaak (Mont. 1993), 257 Mont. 176, _, 848 P.2d 1014, 1017, 50 St. Rep. 219, 221, for the principle that property inherited during the course of marriage is a marital asset. That conclusion ignores the specific statutory requirement found at § 40-4-202(1), MCA, that pre-acquired property, gifted property, or inherited property be treated differently than other property acquired during the marriage. That statute specifically requires that when dividing inherited property or property acquired in exchange for inherited property, the court must consider the nonmonetary contributions of a homemaker and the extent to which those contributions have facilitated the maintenance of this property. The court must also consider whether the property division is an alternative to maintenance arrangements. If the Legislature intended such casual treatment of pre-acquired or inherited property, as is indicated in the majority opinion, then the various specific requirements set forth in § 40-4-202(1), MCA, would have been totally unnecessary.
This Court’s decisions have, from time to time, reflected this statutory mandate, but not with any degree of predictability. See In re Marriage of Keedy (1991), 249 Mont. 47, 813 P.2d 442 (Trieweiler, J., dissenting); In re Marriage of Johnston (1991), 249 Mont. 298, 815 P.2d 1145 (Trieweiler, J., dissenting); Isaak, 257 Mont. at _, 848 P.2d at 1014, (Trieweiler, J., dissenting). The effect of recent decisions, such as Isaak, is to simply amend the property distribution statute by removing the specific criteria provided therein and provide broad discretion for the distribution of all property. This approach is more consistent with this Court’s result-oriented approach to the distribution of property owned by any party who is unfortunate enough to become involved in a dissolution of marriage. However, it is not a correct application of statutory law.
In spite of these concerns with language in the majority’s opinion, I conclude that in this case the District Court correctly found that Clarence produced insufficient evidence to allow the District Court to trace the proceeds of his inheritance. The District Court found that:
As a result of the death of respondent’s mother in February of 1987, respondent claims to have obtained funds totalling approximately $105,000, the source of which were joint tenancy CDs and money market accounts standing in the name of respondent and his *488 mother. Respondent apparently commingled those funds by purchasing stock or mutual funds under the parties’ joint account, adding property to the parties’ joint farm and otherwise. He presented no documentation or evidence which traced the specific use or location of this $105,000 alleged inheritance. The court notes that neither copies of the CDs, money market accounts, or a will were introduced as evidence. Respondent’s decision to commingle these funds in such a way as to make any tracing impossible, combined with the lack of the introduction of any supporting evidence, makes it impossible for the court to identify any assets to which this inheritance may have been transferred. Accordingly, no assets will be delineated herein as non-marital property.
Based on the inadequacy of Clarence’s proof, the District Court was unable to trace his inherited property and was not in a position to more accurately satisfy the requirements of § 40-4-202(1), MCA.
For these reasons, I concur with the majority’s decision to affirm the District Court, but not for the reasons stated in the majority opinion.